UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:14-cr-00035-GFVT-HAI |
| | ) | |
| v. | ) | |
| | ) | |
| JERRY BARCOL, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 101.] For the reasons that follow, Judge Ingram's Report and Recommendation will be ADOPTED in its entirety.

**I**

Defendant Jerry Barcol has been charged with violating the conditions of his supervised release. [R. 81.] On May 19, 2015, before Judge Amul Thapar, Mr. Barcol pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [R. 45.] Mr. Barcol was sentenced to ninety-two months of imprisonment to be followed by three years of supervised release. *Id.* at 2–3. Mr. Barcol was released from custody and began his term of supervision on April 7, 2021. His conditions were modified upon his release to include "an updated version of the condition requiring that he submit to searches based on reasonable suspicion." [R. 101 at 1; *see also* R. 79.]

The United States Probation Office issued the Supervised Release Violation Report on August 27, 2021, that initiated these proceedings. [R. 101 at 2.] The Report contains two violation allegations: Violation #1 alleges that Mr. Barcol violated the condition that he refrain

from the unlawful use of a controlled substance (a Grade C violation); and Violation #2 alleges that he violated the condition that he not commit another local, state, or federal crime (a Grade B violation). *Id.* The allegations stemmed from an instant urine drug test that tested positive for cocaine and was subsequently confirmed via lab testing . *Id.*

On September 8, the USPO issued an addendum alleging two additional violations. Violation #3 alleges that Mr. Barcol again violated the condition that he refrain from the unlawful use of a controlled substance (a Grade C violation); and Violation #4 alleges that he again violated the condition that he not commit another local, state, or federal crime (a Grade B violation). *Id.* at 3. These additional allegations stemmed from a urine screen that tested positive for cocaine and subsequent admission to cocaine use. *Id.* at 2.

On September 17, 2021, Judge Ingram conducted an initial appearance with Mr. Barcol pursuant to Rule 32.1. [R. 89.] At the hearing, Mr. Barcol knowingly, voluntarily, and intelligently waived his right to a preliminary hearing and argued for release. *Id.* The Government made an oral motion for detention, and Judge Ingram found pursuant to 18 U.S.C. § 3583(e)(3) that detention was appropriate in this case. *Id.*

On September 22, 2021, Judge Ingram conducted a final hearing. [R. 91.] At the hearing, Mr. Barcol entered a knowing, voluntary, and intelligent stipulation to the violations contained in both the Report an Addendum. *Id.* Judge Ingram found Mr. Barcol to be competent to stipulate to the four violations. *Id.* Judge Ingram further found that Mr. Barcol's stipulation permitted him to find that Mr. Barcol engaged in conduct that is a Grade B violation under the Guidelines. *Id.* (citing U.S.S.G. § 7B1.1(a)(2)). However, Mr. Barcol was not sentenced at that hearing because the Government "moved to continue the remainder of the final hearing for sixty days." [R. 101 at 4.] The Government argued that Mr. Barcol had been generally cooperative

and that he had done a good job and that his cocaine use "came out of the blue." *Id.* Judge Ingram "accepted the recommendation with reservations" and released Mr. Barcol on his existing conditions with an additional "increased substance-abuse testing" requirement and requirement "that he comply with intensive outpatient treatment." *Id.* at 5. Judge Ingram ordered Mr. Barcol to appear for the remainder of his final hearing on November 22. *Id.*

On November 19, the USPO issued a Second Supplemental Supervised Release Violation Report charging two additional violations. Violation #5 alleges that Mr. Barcol again violated the condition that he refrain from the unlawful use of a controlled substance (a Grade C violation); and Violation #6 alleges that he again violated the condition that he not commit another local, state, or federal crime (a Grade B violation). *Id.* at 5–6. These additional allegations stemmed from a urine screen that tested positive for cocaine and admission to cocaine use. *Id.* at 5.

On November 23, Judge Ingram held an initial appearance on the Second Addendum violations, and Mr. Barcol waived his right to a preliminary hearing on the new charges. [R. 99.] Mr. Barcol did not argue for release and the government moved for detention. *Id.* Judge Ingram found that detention was appropriate and remanded Mr. Barcol to custody. *Id.* Judge Ingram held the final hearing on December 2, and Mr. Barcol competently entered a knowing, voluntary, and intelligent stipulation to Violates #5 and #6. [R. 100.] Mr. Barcol admitted the factual basis for Violations #5 and #6, and the United States established both violations under § 3583(e). *Id.*

**II**

After the hearing, Judge Ingram carefully reviewed the entire record, including the Report and all accompanying documents, and the underlying Judgment and sentencing materials. Judge Ingram also considered the factors set forth in 18 U.S.C. § 3553, as incorporated in §

3583(e). Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction, which in this case was a Class C felony for being a felon in possession of a firearm in violation of 19 U.S.C. § 922(g). [R. 45.] Eighteen U.S.C. § 3583(e)(3) instructs that Mr. Barcol's conviction carries a twenty-four month maximum period of incarceration following a revocation. Mr. Barcol's original conviction has a maximum term of supervised release of three years, minus any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Mr. Barcol's criminal history category of VI (at the time of his original conviction) and admitted Grade B violation,[1] that Mr. Barcol's range of revocation is twenty-one to twenty-seven months, with a statutory maximum of twenty-four months. [R. 101 at 7.] Congress mandates revocation in this case because Mr. Barcol possessed a controlled substance, and Judge Ingram found that no exceptions applied. *Id.* at 10.

In determining the appropriate revocation term of imprisonment, Judge Ingram considered all the statutory factors imported into the § 3583(e) analysis as well as the Guidelines Range. *Id.* at 11–13. Regarding the nature and circumstances of the underlying offense and need to deter criminal conduct, Judge Ingram found that Mr. Barcol's conduct was "serious conduct," but that it differed from the rest of his criminal history, which "otherwise is driven by theft-type offenses." *Id.* at 11.

As to the history and characteristics, need to deter criminal conduct, and the need to protect the public, Judge Ingram found that Mr. Barcol did not pose a particularly high risk to the

---

[1] "Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade." U.S.S.G. § 7B1.1(b).

4

public and that two years of supervision and twelve months of incarceration would be most effective to provide both deterrence and rehabilitation. *Id.* at 12. Judge Ingram also noted that Mr. Barcol had been doing well on supervision. *Id.* He was working to support his family, was generally honest about his struggles with cocaine use, and has reasons to be productive moving forward with the impending birth of his child. *Id.*

The primary wrong in this case is the violation of the Court's trust by Mr. Barcol. Although this was his first revocation, Mr. Barcol was caught and/or admitted to using cocaine in July, August, September (despite an impending Court date), and November. *Id.* at 11. Mr. Barcol was even given the chance to demonstrate that his drug use was an anomaly—and the Court soon found that it sadly was not.

Judge Ingram also considered the need to avoid unwarranted sentencing disparities. *Id.* at 12. Although this factor is generally addressed by recommending a within-Guidelines sentence, Judge Ingram recommended a sentenced below the guidelines range. *Id.* To justify this below-guidelines sentence, Judge Ingram noted that the facts and circumstances in Mr. Barcol's case demonstrate that he has the resources to be productive if he can stay away from cocaine use. *Id.* at 13. Furthermore, Judge Ingram noted that a twelve-month sentence would provide deterrence and the supervision would serve to both protect the public and keep Mr. Barcol on track, particularly because Mr. Barcol will be evaluated for mental health treatment and drug abuse upon release. *Id.* Judge Ingram also noted that Mr. Barcol's criminal history differs from the conduct at issue with this revocation, and that the twelve-month sentence and subsequent twenty-four-month period of supervision was jointly recommended by the Government and Counsel for Mr. Barcol. *Id.* The Court ultimately found that the recommended sentence was sufficient, but not greater than necessary, to address the relevant penalty factors. *Id.*

Ultimately, Judge Ingram makes the following recommendations: (1) Mr. Barcol be found guilty of all six violations; (2) Mr. Barcol's term of supervision be revoked and he serve a twelve-month term of imprisonment; and (3) Mr. Barcol serve a twenty-four month term of supervision under the same conditions previously imposed following his twelve-month term of imprisonment. *Id.* at 13.

Judge Ingram's Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.*; *see* 28 U.S.C. § 636(b)(1). The Report and Recommendation also provides the parties with the consequences of failing to object within the provided timeframe. *Id.*; *see Thomas v. Arn*, 474 U.S. 140 (1985). Mr. Barcol has not filed any objections to Judge Ingram's Report and Recommendation and has provided a Waiver of Allocution. [R. 102.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Jerry Barcol **[R. 101]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Barcol is found **GUILTY** of all six violations;

3. Mr. Barcol shall serve a term of imprisonment of twelve months; and

4. Following Mr. Barcol's release, he shall serve a twenty-four-month term of supervision under the same conditions previously imposed.

This the 19th day of January, 2022.

Gregory F. Van Tatenhove
United States District Judge